**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| DANIEL J. BACKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SEVENTH AVENUE, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | |
| SEVENTH AVENUE, INC. | ) |
| | ) |
| Counter-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DANIEL J. BACKER, | ) |
| | )    Civil Action No. 07-00213-CRS |
| Counter-Defendant | ) |
| | ) |
| | |
| SEVENTH AVENUE, INC. | ) |
| | ) |
| Cross-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| YOUNGS, INC. and ACCENT TRENDS, LLC | ) |
| | ) |
| Cross-Defendants | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**ANSWER TO AMENDED COMPLAINT,**
**AFFIRMATIVE DEFENSES, COUNTERCLAIM AND**
**CROSS CLAIM OF DEFENDANT SEVENTH AVENUE, INC.**

## ANSWER TO AMENDED COMPLAINT,
## AFFIRMATIVE DEFENSES, COUNTERCLAIM AND
## CROSS CLAIM OF DEFENDANT SEVENTH AVENUE, INC.

Now comes Defendant Seventh Avenue, Inc. (hereafter "Seventh Avenue") by its counsel and hereby answers the Amended Complaint as follows:

1.      With respect to the allegations contained in Paragraph 1 of the Amended Complaint, Seventh Avenue admits the Amended Complaint purports to allege a claim of Copyright Infringement, denies there is infringement and is without knowledge sufficient to admit or deny the allegations of Paragraph 1 and accordingly denies same leaving Plaintiff to its proofs.

2.      Seventh Avenue is without knowledge sufficient to admit or deny the allegations of Paragraph 2 of the Amended Complaint and accordingly denies same leaving Plaintiff to its proofs.

3.      Seventh Avenue admits the allegations contained in paragraph 3(a) of the Amended Complaint.

4.      Seventh Avenue admits the allegations contained in paragraph 3(b) of the Amended Complaint.

5.      Seventh Avenue is without knowledge sufficient to admit or deny the allegations of Paragraph 3(c) of the Amended Complaint and accordingly denies same leaving Plaintiff to its proofs.

6.      Seventh Avenue admits the allegations contained in paragraph 3(b) of the Amended Complaint.

7.      Seventh Avenue is without knowledge sufficient to admit or deny the allegations of Paragraph 4 of the Amended Complaint and accordingly denies same leaving Plaintiff to its proofs.

8.      Seventh Avenue denies the allegations contained in paragraph 5 of the Amended Complaint.

9.      With respect to the allegations contained in paragraph 6 of the Amended Complaint, Seventh Avenue admits that the Court has subject matter jurisdiction over Copyright matters.

10.     With respect to the allegations contained in paragraph 7 of the Amended Complaint, personal jurisdiction over Seventh Avenue is denied and Seventh Avenue affirmatively states that contact with Kentucky arising out of the alleged Copyright infringement is *de minimis*.  Seventh Avenue is without knowledge sufficient to admit or deny the remaining allegations of Paragraph 7 and accordingly denies same leaving Plaintiff to its proofs.

11.     With respect to the allegations contained in paragraph 8 of the Amended Complaint, Seventh Avenue repeats and realleges the responses to Paragraphs 1 through 7 herein.

12.     Seventh Avenue is without knowledge sufficient to admit or deny the allegations of Paragraph 9 of the Amended Complaint and accordingly denies same leaving Plaintiff to its proofs.

13.     Seventh Avenue is without knowledge sufficient to admit or deny the allegations of paragraph 10 of the Amended Complaint and accordingly denies same leaving Plaintiff to its proofs.

14.     Seventh Avenue is without knowledge sufficient to admit or deny the allegations of paragraph 11 of the Amended Complaint and accordingly denies same leaving Plaintiff to its proofs.

15.     Seventh Avenue is without knowledge sufficient to admit or deny the allegations of paragraph 12 of the Amended Complaint and accordingly denies same leaving Plaintiff to its proofs.

16.     With respect to the allegations contained in paragraph 13 of the Amended Complaint, Seventh Avenue admits a copy of Registration No. VAu 546-780 was attached. Seventh Avenue denies the legal conclusions and is without knowledge sufficient to admit or deny the remaining allegations of paragraph 13 and accordingly denies same leaving Plaintiff to its proofs.

17.     Seventh Avenue is without knowledge sufficient to admit or deny the allegations of paragraph 14 of the Amended Complaint and accordingly denies same leaving Plaintiff to its proofs.

18.     Seventh Avenue is without knowledge sufficient to admit or deny the allegations of paragraph 15 of the Amended Complaint and accordingly denies same leaving Plaintiff to its proofs.

19.    Seventh Avenue is without knowledge sufficient to admit or deny the allegations of paragraph 16 of the Amended Complaint and accordingly denies same leaving Plaintiff to its proofs.

20.    With respect to the allegations contained in paragraph 17 of the Amended Complaint, Seventh Avenue admits a copy of Registration No. VAu 546-776 was attached. Seventh Avenue  denies the legal conclusions contained in paragraph 17 and is without knowledge sufficient to admit or deny the remaining allegations of paragraph 17 and accordingly denies same leaving Plaintiff to its proofs.

21.    Seventh Avenue denies the allegations contained in paragraphs 18, 19, 20 and 21 of the Amended Complaint.

22.    Seventh Avenue denies all allegations contained in the Amended Complaint which are not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over Seventh Avenue.

## THIRD AFFIRMATIVE DEFENSE

Venue for Seventh Avenue is not proper in the Western District of Kentucky.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the copyright registrations are invalid.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the copyrights are not infringed.

## SIXTH AFFIRMATIVE DEFENSE

Seventh Avenue, while it denies infringement, pleads in the alternative that if there was an infringement, it was an innocent infringer.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff was not damaged by the alleged infringement.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

The action is barred by the doctrine of waiver and estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE.

Plaintiff has failed to sufficiently allege facts which demonstrate that his alleged copyrighted works contain sufficient originality to merit copyright protection.

## TWELFTH AFFIRMATIVE DEFENSE

Upon information and belief, the designs identified by Plaintiff are not of Plaintiff's own creation, nor is Plaintiff otherwise the owner of the works alleged to be infringed.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part because Plaintiff has failed to mitigate his damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part because Plaintiff has not alleged sufficient facts to warrant injunctive relief.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's copyright infringement claim is barred, in whole or in part, by the *scenes a faire* doctrine, because any similarities between the works are incapable of copyright protection.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part because Plaintiff's alleged copyrighted works are uncopyrightable because the ideas contained therein are inseparably tied to the particular expression displayed in the work.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's registrations are invalid and unenforceable as procured in violation of Plaintiff's duty to disclose preexisting works to the Copyright Office and describe the nature of authorship with sufficient particularity to determine originality and authorship.

Seventh Avenue reserves the right to raise additional defenses.

WHEREFORE, Defendant Seventh Avenue, Inc. demands the following relief against Plaintiff Daniel Backer in this action:

A.     Dismissal of Backer's Complaint with prejudice;

B.     That Backer take and recover nothing therein;

C.    That Seventh Avenue be awarded its attorney's fees and costs; and

D.    Any other relief to which Seventh Avenue may appear entitled.

                                     Respectfully submitted,

                                     /s/ John K. Bush
                                     James C. Eaves, Jr.
                                     John K. Bush
                                     GREENEBAUM DOLL & MCDONALD PLLC
                                     3500 National City Tower
                                     Louisville, KY 40202
                                     (502) 589-4200

                                     David C. Brezina
                                     BARNES & THORNBURG, LLP
                                     1 N Wacker Drive
                                     Suite 4400
                                     Chicago, IL 60606
                                     (312) 357-1313
                                     (312) 214-4802 (Direct)

                                   *Attorneys for Defendant and Counter-Plaintiff*
                                   *Seventh Avenue, Inc.*

| | |
|---|---|
| SEVENTH AVENUE, INC. | ) |
| | ) |
| Counter-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DANIEL J. BACKER, | ) |
| | ) |
| Counter-Defendant | ) |
| | ) |
| | ) |

Civil Action No. 07-00213-CRS

## COUNTERCLAIM FOR DECLARATION OF COPYRIGHT INVALIDITY

1.      This is a Counterclaim for a Declaration of invalidity of Copyrights purported to be owned by Counterdefendant Daniel J. Backer.

2.      Counterplaintiff Seventh Avenue, Inc., is a Wisconsin corporation, having its principal place of business at 1207 7th Avenue, Monroe, Wisconsin 53566.

3.      Counterdefendant Daniel J. Backer ("Backer") is, on information and belief, an individual residing in Montrose, Pennsylvania. Backer is the proprietor of two copyright registrations which purport to reflect copyrightable works at issue herein

4.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as a Federal question, under 28 U.S.C. § 1338(a) because this action arises under the copyright laws of the United States, and under 28 U.S.C. § 2201 because it involves an actual controversy concerning claims of copyright invalidity and noninfringement.

5.      Venue is appropriate in the Western District of Kentucky because the underlying action is pending in this Court.

- 9 -

## COUNT I - INVALIDITY OF COPYRIGHT REG. NO. VAu 546-780

6.      Counter-plaintiff Seventh Avenue repeats and realleges paragraphs 1 - 5 as if fully set forth herein.

7.      On February 21, 2002,  Backer signed and submitted, under oath pursuant to 17 USC 506 (a), to the Copyright Office, a copyright application which was registered as Reg. No. VAu 546-780.

8.      Backer is a named inventor of a technological process for manufacturing sheet metal items as disclosed in US Patent No. 7,133,734 which produces a metal object from the performance of manufacturing steps, deriving the finished metal object from 2-Dimensional Artwork.

9.      On information and belief the alleged sculpture submitted with the application which matured into Reg. No. VAu 546-780 was manufactured in accordance with the steps disclosed in US Patent No. 7,133,734.

10.      The finished metal object described above is an article of manufacture and not a sculpture.

11.      Reg. No. VAu 546-780 is invalid because the underlying work is not a work of authorship under 17 U.S.C. 102.

## COUNT II - FRAUDULENT PROCUREMENT OF COPYRIGHT REG. NO. VAu 546-780

12.      Counter-plaintiff Seventh Avenue repeats and realleges paragraphs 1 - 11 as if fully set forth herein.

13.      In completing the Copyright application which matured to the subject registration, Backer completed the form, *inter alia*, indicating that the alleged work was a "3-Dimensional Sculpture" by checking that statement; stating that the work was a "metal sculpture"; responded

to the requirement "Identify any preexisting  work or works that this work is based on or incorporates" in Space 6A  "N/A"; responded to the requirement "Give a brief, general statement of the material that has been added to this work and in which copyright is claimed" in Space 6B "N/A".

14.    The finished metal object described above, was formed based on preexisting 2-Dimensional Artwork.

15.    The steps to form the metal object from the preexisting 2-Dimensional Artwork are material to the issue of copyrightability of the metal object, whether it is an uncopyrightable article of manufacture or a copyrightable sculpture.

16.    The statements affirmatively made by Backer and the failure to disclose anything about the manufacturing process were made, or not disclosed, by Backer knowing the actual process used and the derivation from the 2-Dimensional Artwork.

17.    The statements affirmatively made by Backer and the failure to disclose anything about the manufacturing process were made, or not disclosed, by Backer for the purpose of obtaining a Copyright registration.

18.    Whether or not the underlying works might have been copyrightable, the registration therefore is invalid based on the violation of the duty to disclose the nature of the work and its fraudulent procurement and said defects cannot be cured.

## COUNT III - INVALIDITY OF COPYRIGHT REG. NO. VAu 546-776

19.    Counter-plaintiff Seventh Avenue repeats and realleges paragraphs 1 - 5 as if fully set forth herein.

20.     On February 21, 2002, Backer signed and submitted, under oath pursuant to 17 USC 506 (a), to the Copyright Office, a copyright application which was registered as Reg. No. VAu 546-776.

21.     Backer is a named inventor of a technological process for manufacturing sheet metal items as disclosed in US Patent No. 7133734 which produces a metal object from the performance of manufacturing steps, deriving the finished metal object from 2-Dimensional Artwork.

22.     On information and belief the alleged sculpture submitted with the application which matured into Reg. No. VAu 546-776 was manufactured in accordance with the steps disclosed in US Patent No. 7,133,734.

23.     The finished metal object described above is an article of manufacture and not a sculpture.

24.     Reg. No. VAu 546-776 is invalid because the underlying work is not a work of authorship under 17 U.S.C. 102.

## COUNT IV - FRAUDULENT PROCUREMENT OF COPYRIGHT REG. NO. VAu 546-776

25.     Counter-plaintiff Seventh Avenue repeats and realleges paragraphs 19 - 24 as if fully set forth herein.

26.     In completing the Copyright application which matured to the subject registration, Backer completed the form, *inter alia*, indicating that the alleged work was a "3-Dimensional Sculpture" by checking that statement; stating that the work was a "metal sculpture"; responded to the requirement "Identify any preexisting  work or works that this work is based on or incorporates" in Space 6A  "N/A"; responded to the requirement "Give a brief, general statement

of the material that has been added to this work and in which copyright is claimed" in Space 6B "N/A".

27.     The finished metal object described above, was formed based on preexisting 2-Dimensional Artwork.

28.     The steps to form the metal object from the preexisting 2-Dimensional Artwork are material to the issue of copyrightability of the metal object, whether it is an uncopyrightable article of manufacture or a copyrightable sculpture.

29.     The statements affirmatively made by Backer and the failure to disclose anything about the manufacturing process were made, or not disclosed, by Backer knowing the actual process used and the derivation from the 2-Dimensional Artwork.

30.     The statements affirmatively made by Backer and the failure to disclose anything about the manufacturing process were made, or not disclosed, by Backer for the purpose of obtaining a Copyright registration.

31.     Whether or not the underlying works might have been copyrightable, the registration therefore is invalid based on the violation of the duty to disclose the nature of the work and its fraudulent procurement and said defects cannot be cured.

**WHEREFORE COUNTERPLAINTIFF PRAYS:**

1.     The article of manufacture entitled "Martini Time" be declared uncopyrightable.

2.     The article of manufacture entitled "Wine Table Scene" be declared uncopyrightable.

3.     Copyright Registration No. VAu 546-780 be declared invalid.

4.     Copyright Registration No. VAu 546-776 be declared invalid.

5.     Copyright Registration No. VAu 546-780 be declared unenforceable.

6.     Copyright Registration No. VAu 546-776 be declared unenforceable.

7.     Seventh Avenue be awarded its damages, lost profits, expenses, interest, costs, and attorneys' fees incurred in defending the underlying Copyright infringement case.

Respectfully submitted,

/s/ John K. Bush
James C. Eaves, Jr.
John K. Bush
GREENEBAUM DOLL & MCDONALD PLLC
3500 National City Tower
Louisville, KY 40202
(502) 589-4200

David C. Brezina
BARNES & THORNBURG, LLP
1 N Wacker Drive
Suite 4400
Chicago, IL 60606
(312) 357-1313
(312) 214-4802 (Direct)

*Attorneys for Defendant and Counter-Plaintiff
Seventh Avenue, Inc.*

|  |  |
|---|---|
| SEVENTH AVENUE, INC.<br><br>        Cross-Plaintiff,<br><br>        v.<br><br>YOUNGS, INC. and ACCENT TRENDS, LLC<br><br>        Cross-Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 07-00213-CRS |

## CROSS-CLAIM OF SEVENTH AVENUE, INC.

1.      Cross-Plaintiff Seventh Avenue, Inc. ("Seventh Avenue"), is a Wisconsin corporation, having its principal office at 1112 7th Avenue, Monroe, Wisconsin 53566.

2.      Cross- Defendant, Youngs, Inc., ("Youngs") is a Michigan corporation, having its principal office at 5073 Ann Arbor Road, Dundee, Michigan 48134.

3.      Cross- Defendant, Accent Trends, LLC d/b/a Décor Connections, ("Accent Trends") is a Texas limited liability company having its principal office at 1970 Crown Drive, Dallas, Texas  75234.

4.      This is an action over which the District Court has diversity jurisdiction, pursuant to 28 U.S.C. § 1332, as the matter exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

5.      This Action arises out of a Copyright infringement action pending before this Court in which Cross-plaintiff and Cross-defendants are all defendants and in which Cross-defendants are participating.

6.      Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(a)(1) because the events giving rise to the claim are occurring in this judicial district.

7.     Cross-plaintiff purchased product from each of the Cross-defendants, which products form the basis of the Copyright infringement claims as set forth below.

## COUNT I - BREACH OF WARRANTY OF TITLE AND AGAINST INFRINGEMENT UNDER §2-312 OF THE UNIFORM COMMERCIAL CODE BY YOUNGS, INC.

8.     Plaintiffs incorporate paragraphs 1-7 by reference as paragraph 8, as if fully set forth herein.

9.     Youngs is a merchant that regular deals in products such as the "COCKTAILS" WALL ART PRODUCT.

10.     Youngs sold the "COCKTAILS" WALL ART PRODUCT to Seventh Avenue.

11.     The distribution of the "COCKTAILS" WALL ART PRODUCT by Seventh Avenue resulted in the underlying Copyright Infringement claim wherein Daniel J. Backer claims that the "COCKTAILS" WALL ART PRODUCT provided by Seventh Avenue infringed his Copyright.

12.     Seventh Avenue has suffered and will suffer significant damages as a result of the Infringement Litigation, including Copyright infringement damage exposure, attorneys fees and costs.

13.     Seventh Avenue has requested and Youngs has constructively refused Seventh Avenue's request for reimbursement of these damages.

14.     Youngs' actions violate Section 2-312 of the Uniform Commercial Code, entitled the Warranty of Title and Against Infringement; Buyer's Obligation Against Infringement.

15.     WHEREFORE, Seventh Avenue respectfully requests that this Court enter judgment in its favor and against Youngs, that Seventh Avenue be awarded its damages as a result of Youngs' breach of warranty, plus its expenses, interest, costs, and attorneys' fees, that a

defense fund be established, that Seventh Avenue's ongoing fees and costs to defend be paid and such other relief the court believes is equitable and just.

### COUNT II - BREACH OF EXPRESS WARRANTY UNDER §2-313 OF THE UNIFORM COMMERCIAL CODE BY YOUNGS, INC.

16.     Seventh Avenue incorporates paragraphs 1-15 by reference as paragraph 16, as if fully set forth herein.

17.     Before supplying the "COCKTAILS" WALL ART PRODUCTS to Seventh Avenue, Youngs agreed to Seventh Avenue's standard Terms and Conditions including an obligation that the "COCKTAILS" WALL ART PRODUCTS would conform to laws and regulations, would be merchantable and otherwise would be salable and usable for their intended purpose.

18.     This promise constituted an express warranty.

19.     The warranty formed the basis of the bargain between Seventh Avenue  and Youngs.  As a result of this warranty, Seventh Avenue purchased the "COCKTAILS" WALL ART PRODUCTS.

20.     These obligations have been breached in the event the "COCKTAILS" WALL ART PRODUCTS infringe any third party intellectual property rights, in violation of Section 2-313 of the Uniform Commercial  Code, entitled the Express Warranties by Affirmation, Promise, Description, Sample.

21.     Youngs' violations have caused Seventh Avenue significant damages, including but not limited to consequential damages resulting from defending the Infringement Litigation.

22.     WHEREFORE, Seventh Avenue respectfully requests that this Court enter judgment in its favor and against Youngs, that Seventh Avenue be awarded its damages as a result of Youngs' breach of warranty, plus its expenses, interest, costs, and attorneys' fees, that a

defense fund be established, that Seventh Avenue's ongoing fees and costs to defend be paid and such other relief the court believes is equitable and just.

## COUNT III  - BREACH OF EXPRESS CONTRACTUAL
## DUTY TO INDEMNIFY AND DEFEND  BY YOUNGS, INC.

23.     Seventh Avenue incorporates paragraphs 1-22 by reference as paragraph 23 as if fully set forth herein.

24.     The sale of the "COCKTAILS" WALL ART PRODUCTS by Youngs to Seventh Avenue was made pursuant to Seventh Avenue's Purchase Orders and standard Terms and Conditions which includes a duty to pay for the defense and to indemnify Seventh Avenue against claims asserted by any third party based on intellectual property rights.

25.     Seventh Avenue has requested and Youngs  has constructively refused Seventh Avenue's request for defense and indemnification.

26.     Youngs' violations have caused Seventh Avenue significant damages, including but not limited to consequential damages resulting from defending the Infringement Litigation.

27.     WHEREFORE, Seventh Avenue respectfully requests that this Court enter judgment in its favor and against Youngs, that Seventh Avenue be awarded its damages as a result of Youngs' breach, plus its expenses, interest, costs, and attorneys' fees, that a defense fund be established, that Seventh Avenue's ongoing fees and costs to defend be paid and such other relief the court believes is equitable and just.

## COUNT IV  - BREACH OF IMPLIED CONTRACTUAL
## INDEMNIFICATION OF BY YOUNGS, INC.

28.     Seventh Avenue incorporates paragraphs 1-27 by reference as paragraph 28, as if fully set forth herein.

29.     Youngs entered into a contractual relationship under which it agreed to supply WALL ART PRODUCTS to Seventh Avenue.

30.     As a result of this relationship, Seventh Avenue purchased the "COCKTAILS" WALL ART PRODUCTS.

31.     The "COCKTAILS" WALL ART PRODUCTS were, on information and belief, obtained by Youngs from an overseas supplier.

32.     Youngs failed to ascertain whether or not the overseas supplier was providing original WALL ART PRODUCTS or WALL ART PRODUCTS produced with permission from a Copyright proprietor.

33.     Youngs' actions violate its common law duty of indemnification.

34.     Youngs' violations have caused Seventh Avenue significant damages, including but not limited to consequential damages resulting from defending the Infringement Litigation.

35.     WHEREFORE, Seventh Avenue respectfully requests that this Court enter judgment in its favor and against Youngs, that Seventh Avenue be awarded its damages as a result of Youngs' breach, plus its expenses, interest, costs, and attorneys' fees, that a defense fund be established, that Seventh Avenue's ongoing fees and costs to defend be paid and such other relief the court believes is equitable and just.

## COUNT V - BREACH OF WARRANTY OF TITLE AND AGAINST INFRINGEMENT UNDER §2-312 OF THE UNIFORM COMMERCIAL CODE BY ACCENT TRENDS, LLC.

36.     Plaintiffs incorporate paragraphs 1-7 by reference as paragraph 36, as if fully set forth herein.

37.     Accent Trends is a merchant that regular deals in products such as the "RISTORANTE" WALL ART PRODUCT.

38.     Accent Trends sold the "RISTORANTE" WALL ART PRODUCT to Seventh Avenue.

39.     The distribution of the "RISTORANTE" WALL ART PRODUCT by Seventh Avenue resulted in the underlying Copyright Infringement claim wherein Daniel J. Backer claims that the "RISTORANTE" WALL ART PRODUCT provided by Seventh Avenue infringed his Copyright.

40.     Seventh Avenue has suffered and will suffer significant damages as a result of the Infringement Litigation, including Copyright infringement damage exposure, attorneys fees and costs.

41.     Seventh Avenue has requested and Accent Trends  has constructively refused Seventh Avenue's request for reimbursement of these damages.

42.     Accent Trends' actions violate Section 2-312 of the Uniform Commercial  Code, entitled the Warranty of Title and Against Infringement; Buyer's Obligation Against Infringement.

43.     WHEREFORE, Seventh Avenue respectfully requests that this Court enter judgment in its favor and against Accent Trends, that Seventh Avenue be awarded its damages as a result of Accent Trends' breach of warranty, plus its expenses, interest, costs, and attorneys' fees, that a defense fund be established, that Seventh Avenue's ongoing fees and costs to defend be paid and such other relief the court believes is equitable and just.

## COUNT VI - BREACH OF EXPRESS WARRANTY UNDER §2-313 OF THE UNIFORM COMMERCIAL CODE BY ACCENT TRENDS, LLC.

44.     Seventh Avenue incorporates paragraphs 36 - 43 by reference as paragraph 44, as if fully set forth herein.

45.     Before supplying the "RISTORANTE" WALL ART PRODUCTS to Seventh Avenue, Accent Trends agreed to Seventh Avenue's standard Terms and Conditions including an obligation that the "RISTORANTE" WALL ART PRODUCTS would conform to laws and regulations and otherwise would be salable.

46.     This promise constituted an express warranty.

47.     The warranty formed the basis of the bargain between Seventh Avenue and Accent Trends.  As a result of this warranty, Seventh Avenue purchased the "RISTORANTE" WALL ART PRODUCTS.

48.     These obligations have been breached in the event the "RISTORANTE" WALL ART PRODUCTS infringe any third party intellectual property rights in violation of Section 2-313 of the Uniform Commercial  Code, entitled the Express Warranties by Affirmation, Promise, Description, Sample.

49.     Accent Trends' violations have caused Seventh Avenue significant damages, including but not limited to consequential damages resulting from defending the Infringement Litigation.

50.     WHEREFORE, Seventh Avenue respectfully requests that this Court enter judgment in its favor and against Accent Trends, that Seventh Avenue be awarded its damages as a result of Accent Trands' breach of warranty, plus its expenses, interest, costs, and attorneys' fees, that a defense fund be established, that Seventh Avenue's ongoing fees and costs to defend be paid and such other relief the court believes is equitable and just.

-navigation... 

## COUNT VII - BREACH OF EXPRESS CONTRACTUAL
## DUTY TO INDEMNIFY AND DEFEND  BY ACCENT TRENDS, INC.

51      Seventh Avenue incorporates paragraphs 36-50 by reference as paragraph 51 as if fully set forth herein.

52.      The sale of the "RISTORANTE" WALL ART PRODUCTS by Accent Trends to Seventh Avenue was made pursuant to Seventh Avenue's Purchase Orders and standard Terms and Conditions which includes a duty to pay for the defense and to indemnify Seventh Avenue against claims asserted by any third party based on intellectual property rights.

53.      Seventh Avenue has requested and Accent Trends  has constructively refused Seventh Avenue's request for defense and indemnification.

54.      Accent Trends' violations have caused Seventh Avenue significant damages, including but not limited to consequential damages resulting from defending the Infringement Litigation.

55.      WHEREFORE, Seventh Avenue respectfully requests that this Court enter judgment in its favor and against Accent Trends, that Seventh Avenue be awarded its damages as a result of Accent Trends' breach, plus its expenses, interest, costs, and attorneys' fees, that a defense fund be established, that Seventh Avenue's ongoing fees and costs to defend be paid and such other relief the court believes is equitable and just.

## COUNT VIII  - BREACH OF IMPLIED CONTRACTUAL INDEMNIFICATION
## BY ACCENT TRENDS, LLC.

56.      Seventh Avenue incorporates paragraphs 36-55 by reference as paragraph 56, as if fully set forth herein.

57.      Accent Trends entered into a contractual relationship under which it agreed to supply "RISTORANTE" WALL ART PRODUCTS to SEVENTH AVENUE.

58.     As a result of this relationship, Seventh Avenue purchased the "RISTORANTE" WALL ART PRODUCTS.

59.     The "RISTORANTE" WALL ART PRODUCTS were, on information and belief, obtained by Accent Trends from an overseas supplier.

60.     Accent Trends failed to ascertain whether or not the overseas supplier was providing original WALL ART PRODUCTS or WALL ART PRODUCTS produced with permission from a Copyright proprietor.

61.     Accent Trends' actions violate its common law duty of indemnification.

62.     Accent Trends violations have caused Seventh Avenue significant damages, including but not limited to consequential damages resulting from defending the Infringement Litigation.

63.     WHEREFORE, Seventh Avenue respectfully requests that this Court enter judgment in its favor and against Accent Trends, that Seventh Avenue be awarded its damages as a result of Accent Trends' breach, plus its expenses, interest, costs, and attorneys' fees, that a defense fund be established, that Seventh Avenue's ongoing fees and costs to defend be paid and such other relief the court believes is equitable and just.

Respectfully submitted,


/s/ John K. Bush
James C. Eaves, Jr.
John K. Bush
GREENEBAUM DOLL & MCDONALD PLLC
3500 National City Tower
Louisville, KY 40202
(502) 589-4200

David C. Brezina
BARNES & THORNBURG, LLP
1 N Wacker Drive
Suite 4400
Chicago, IL 60606
(312) 357-1313
(312) 214-4802 (Direct)

*Attorneys for Defendant and Counter-Plaintiff*
*Seventh Avenue, Inc.*


## Certificate of Service

It is hereby certified that a copy of this Answer, Counterclaim and Cross-Claim was electronically served on this 13th day of November, 2007 on Kyle Ann Cytrynell, C. Shawn Fox, Paul J. Hershberg, Seiller Waterman, LLC, Meidinger Tower, 462 South 4th Street, 22nd Floor, Louisville KY 40202, Douglas C. Ballantine, F. Ryan Keith, Stoll Keenon Ogden, PLLC, 500 West Jefferson Street, 2000 PNC Plaza, Louisville, KY 40202 and

I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participations.

David Brezina                          Jon Stuart Ross
Barnes & Thornburg                     9870 Plano Rd.
One North Wacker Drive, Ste 4400       Dallas, TX 75201-1220
Chicago, IL 60606-2833


/s/ John K. Bush
Attorneys for Defendant and Counter-Plaintiff
Seventh Avenue, Inc.

2388558_4.doc

- 24 -